UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMMY B. TSCHABOLD,

            Plaintiff,

   v.

PIERCE COUNTY, et al.,

           Defendants.

CASE NO. 3:25-cv-05096-KKE-DWC

ORDER DECLINING SERVICE AND TO SHOW CAUSE

Plaintiff Timmy B. Tchabold, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkts. 4, 5. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, directs Plaintiff to show cause why his claims should not be dismissed as untimely and barred under the applicable statute of limitations.

**I.   BACKGROUND**

Plaintiff, an inmate currently confined at Washington State Penitentiary, filed this action challenging the conditions of confinement at Pierce County Jail ("PCJ"). Dkt. 5. Although Plaintiff organizes his claims into three separate counts, each similarly alleges that he was

subject to unsanitary conditions during two periods of pretrial detention at PCJ occurring in 2008 and 2013. *Id.* at 10–43. Plaintiff also alleges he was not provided an effective grievance process and was denied access to cleaning products during both periods of pretrial detention. *Id.* Plaintiff seeks $1,000,000 in damages and declaratory and injunctive relief. *Id.* at 44.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. DISCUSSION

Having reviewed the complaint, the Court finds Plaintiff's § 1983 claims challenging the conditions of his confinement at PCJ in 2008 and 2013 are untimely and barred by the applicable 3-year limitations period.

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 2

  The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions.[1] *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his conditions of confinement claims accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).

  While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted).

  The final step in determining whether a § 1983 claim is time barred is application of statutory and equitable tolling. The Court looks to the law of the forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Washington law allows for statutory tolling in various circumstances, but none

---

[1] Ordinarily, the statute of limitations is affirmative defense raised by an opposing party; even so, may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 3

appears to be appliable here. *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash. Rev. Code. § 4.16.220 (statute tolled as to person in United States military service). Equitable tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

　　　　Here, Plaintiff alleges he was subject to unsanitary conditions during both periods of his pretrial detention at PCJ in 2008 and 2013. Dkt. 5 at 10–43. Given the nature of his claims, Plaintiff either knew or had reason to know of the injuries giving rise to his unsanitary conditions of confinement claims as they occurred. The applicable limitations period expired 3-years after his claims accrued, meaning the final dates for Plaintiff to file a timely § 1983 action challenging the unsanitary conditions at PCJ expired in 2011 and 2016 respectively. Because Plaintiff did not file this action until February 2025, his claims are time-barred unless statutory or equitable tolling applies. The allegations here, however, do not support application of statutory or equitable tolling such that Plaintiff's more than 9-year delay in filing would be excused.

　　　　Therefore, Plaintiff 's complaint is deficient and will not be served at this time.

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 4

## IV. INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. Instead, if Plaintiff intends to pursue this § 1983 action, he must show cause why it should not be dismissed as time barred. If Plaintiff fails to respond to this order or show cause on or before Apil 23, 2025, the undersigned will recommend dismissal of this action for failure to state a claim. Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

Dated this 24th day of March, 2025.

David W. Christel
United States Magistrate Judge