UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMMY B. TSCHABOLD,

                Plaintiff,

    v.

PIERCE COUNTY, et al.,

                Defendants.

CASE NO. 3:25-cv-05096-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: May 16, 2025

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Plaintiff Timmy B. Tchabold, proceeding *pro se* and *in forma pauperis*, filed this action challenging the conditions of confinement at Pierce County Jail ("PCJ") in 2008 and 2013. Dkts. 4, 6.[1] Plaintiff failed to respond to an order directing him to show cause why his claims are not untimely and barred under the applicable

---

[1] Initially, the complaint was docketed as a "proposed complaint" attached to Plaintiff's IFP application. Dkt. 1-1. After IFP status was granted, the Clerk's Office entered the complaint in a separate docket entry. Dkt. 6. Although the complaint's separate docket entry appears on the docket after the Court's show cause order, it is not a new filing by Plaintiff. *Compare* Dkt. 1-1 *with* Dkt. 6.

REPORT AND RECOMMENDATION - 1

statute of limitations. Dkt. 5. The undersigned recommends this action be dismissed for failure to state a claim and failure to comply with a court order.

## I. BACKGROUND

Plaintiff, an inmate currently confined at Washington State Penitentiary, filed this action challenging the conditions of confinement at Pierce County Jail ("PCJ"). Dkt. 6. Although Plaintiff organizes his claims into three separate counts, each similarly alleges he was subject to unsanitary conditions during two periods of pretrial detention at PCJ occurring in 2008 and 2013. *Id.* at 10–43. Plaintiff also alleges he was not provided an effective grievance process and was denied access to cleaning products during both periods of pretrial detention. *Id.* Plaintiff seeks $1,000,000 in damages and declaratory and injunctive relief. *Id.* at 44.

After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court declined to serve the complaint and, instead, ordered Plaintiff to show cause why his claims should not be dismissed as untimely and barred under the applicable statute of limitations. Dkt. 5. The Court advised Plaintiff that failure to respond or show cause by April 23, 2025, would result in a recommendation this action be dismissed for failure to state a claim. *Id.* at 5. The deadline for Plaintiff to show cause has elapsed with no response received from him. *See docket.*

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v.*

REPORT AND RECOMMENDATION - 2

1  *Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike"

2  under 28 U.S.C. § 1915(g).

3      The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.

4  97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the

5  speculative level and must provide "more than labels and conclusions, and a formulaic recitation

6  of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

7  (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.  DISCUSSION

The Court previously outlined the law regarding limitations periods and tolling doctrines for 42 U.S.C. § 1983 actions filed in the State of Washington:

> The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions.[2] *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his conditions of confinement claims accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).
>
> While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted).
>
> The final step in determining whether a § 1983 claim is time barred is application of statutory and equitable tolling. The Court looks to the law of the

---

[2] Ordinarily, the statute of limitations is affirmative defense raised by an opposing party; even so, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 3

forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Washington law allows for statutory tolling in various circumstances, but none appears to be applicable here. *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash. Rev. Code. § 4.16.220 (statute tolled as to person in United States military service). Equitable tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

Dkt. 5 at 3–4 (footnote in original).

In his complaint, Plaintiff alleges he was subject to unsanitary conditions during both periods of his pretrial detention at PCJ in 2008 and 2013. Dkt. 5 at 10–43. Given the nature of his claims, Plaintiff either knew or had reason to know of the injuries giving rise to his unsanitary conditions of confinement claims as they occurred. In other words, because Plaintiff experienced these allegedly unconstitutional conditions of confinement in real time, his § 1983 claims concerning those conditions accrued in 2008 and 2013. Thus, under the applicable 3-year limitations period, the final dates for Plaintiff to file a timely § 1983 action challenging the alleged unsanitary conditions at PCJ expired in 2011 and 2016 respectively. Because Plaintiff did not file this action until February 2025, his claims are time-barred unless statutory or equitable tolling applies. Plaintiff's allegations, however, do not support application of statutory or equitable tolling such that Plaintiff's more than 9-year delay in filing would be excused. In addition, Plaintiff has failed to show cause why his claims are not barred by the applicable limitations period and the deadline to do so has elapsed. *See docket.*

REPORT AND RECOMMENDATION - 4

Therefore, the undersigned concludes this § 1983 action is untimely and barred under the applicable three-year limitations period.

### IV.   CONCLUSION

For the above stated reasons, the undersigned recommends this action be dismissed with prejudice for failure to state a claim upon which relief can be granted and for failure to comply with a court order. Dismissal on the recommended grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 16, 2025**.

Dated this 1st day of May, 2025.

David W. Christel
United States Magistrate Judge